UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>THE GRANARY, LLC,<br><br>    Defendant. | Case No.15-cv-04988 NC<br><br>**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO GRANT DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

In this disability access case, Block moves for default judgment against The Granary, LLC, the owner of the property which houses Odeum Restaurant. Block alleges that when he visited Odeum Restaurant, he encountered architectural barriers, such as poor signage to the accessible entrance and a trash can with only a foot pedal opener. Block contends that removal of those barriers is readily achievable. Block seeks a permanent injunction under the Americans with Disabilities Act, statutory damages under the California Unruh Act in the amount of $4,000, and reasonable attorneys' fees and costs in the amount of $8,954.50 less an offset of $5,490.13 paid by defendants who settled their claims.

The Court finds that default judgment is appropriate, and recommends that the district court grant the damages award of $4,000, attorneys' fees and costs of $8,954.50 less an offset of $5,490.13, and an injunction to remove the architectural barriers.

/

Case No. 15-cv-04988 NC

## I. BACKGROUND

Plaintiff Hendrik Block is substantially limited in his ability to walk, and must use a wheelchair for mobility. Complaint, Dkt. No. 1 ¶ 8. Block is physically disabled as defined by all applicable California and federal laws. Compl. ¶ 8. Defendant owns the property leased by Odeum Restaurant in Morgan Hill, California. Compl. ¶ 7. Odeum Restaurant is a facility open to the public, intended for non-residential use, and its operation affects commerce. Compl. ¶ 9.

On August 13, 2015, Block visited Odeum Restaurant and encountered barriers in the restaurant. Compl. ¶ 10. First, Block had difficulty finding the elevator because the signage and route were obscured by landscaping and foliage. Compl. ¶ 10. Second, when plaintiff attempted to enter the restaurant through the door with an International Symbol of Accessibility, he found the pathway and the doorway obstructed, so his wheelchair could not fit through. Compl. ¶ 10(b). An employee directed Block to a second entrance and unlocked the door so that Block could enter the restaurant that way. Compl. ¶ 10(b). Third, once Block entered the restaurant, he had difficulty getting to the bar where his wife and friend were waiting because the aisles between the tables lacked sufficient clear width. Compl. ¶ 10(c). Fourth, at the restaurant, Block could not find a disability accessible table. Compl. ¶ 10(d), Fifth, facilities in the men's restroom were not disability accessible, for example, the mirror was too high and the trash can was foot-operated. Compl. ¶ 10(e)-(f).

Block is deterred from visiting the restaurant, but will return once the restaurant's barriers are removed. Compl. ¶ 12.

On January 6, 2016, Block dismissed with prejudice his claims against defendant AS Restaurant Consulting Group, LLC, aka Ashley R. Polston Law Offices and Management Consulting Group, LLC, dba Odeum Restaurant. Dkt. No. 16. On February 9, 2016, Block dismissed without prejudice his claims against defendants Charles Weston and Lesley Miles. Dkt. No. 17. Thus, the Granary LLC is the only remaining defendant.

Because defendant has not consented to magistrate judge jurisdiction, the undersigned orders that this case be reassigned to a district court judge, and writes this

Case No.15-cv-04988 NC                              2

order as a report and recommendation.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Shanghai Automation Instrument*, 194 F. Supp. 2d at 995; *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

### A. Jurisdiction and Service of Process

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Also, the Court may only enter default judgment against a minor or incompetent person if represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2).

Here, Block seeks relief under federal and state law, so subject matter jurisdiction is appropriate. 28 U.S.C. §1331. The defendant is a company, thus it is not a minor or incompetent. Fed. R. Civ. P. 55(b)(2).

Block has provided a certificate of service that his service processor served Charles

Weston who was apparently in charge of the Granary LLC, in addition to mailing a copy of the complaint. Dkt. Nos. 14, 14-2. Block also served a copy of the motion for default judgment on defendant. Dkt. No. 18-10. The Court is satisfied that jurisdiction is appropriate and that service of process was completed.

### B. Default Judgment

#### 1. Merits and Sufficiency of the Complaint

Under the second and third *Eitel* factors, in deciding whether to grant default judgment, the Court must examine the merits of the plaintiff's substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. At this stage, the Court takes "the well-pleaded factual allegations" in the complaint as true; however, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of No. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The complaint states two claims: (1) a violation of the Americans with Disabilities Act of 1990, denial of "full and equal" enjoyment and use; and (2) a violation of the California Unruh Act. The Court examines each claim in turn.

##### a. ADA Claim

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

As to the third element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *Molski*, 481 F.3d at 730.

Here, Block alleges that he requires the use of a wheelchair for mobility. An individual who is substantially limited in his ability to walk is disabled under the ADA. 42 U.S.C. § 12102.

Second, Block alleges that Odeum Restaurant is a public accommodation. The ADA provides that a restaurant is a public accommodation. 42 U.S.C. § 12181(7)(B).

Third, Block alleges that he personally encountered barriers at the restaurant, such as his inability to access the door of the restaurant, find a wheelchair accessible table, access the mirror in the bathroom, and use the trash can in the bathroom. Block argues that the question of whether removal of the barrier is readily achievable is an affirmative defense and is waived by defendant's failure to respond. Dkt. No. 18 at 5.

"The Ninth Circuit has yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014). Under 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove barriers include installing ramps, insulating lavatory pipes under sinks to prevent burns, repositioning the paper towel dispenser and other dispensers, installing accessible door hardware, and creating designated accessible parking spaces.

Here, Block's allegations fall within the scope of those readily achievable steps to remove barriers that the statute sets forth. For example, Block seeks to remove barriers in the accessible entryway of the restaurant, reposition a mirror in the bathroom, and create an accessible trash can. Other district courts have found similar allegations to be sufficient at the default judgment stage. *See Vogel*, 992 F. Supp. 2d at 1011; *Johnson v. Hall*, 2012 WL 1604715, *3 (E.D. Cal. May 7, 2012) (holding that plaintiff's allegation that architectural barriers "are readily removable" and that he sought injunctive relief to remove all readily achievable barriers" satisfied his burden).

Thus, the Court finds that, taking the complaint as true, Block has sufficiently alleged his claim under the ADA.

### b. California Unruh Act

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act."

1  *Molski*, 481 F.3d at 731.  Therefore, the Court also finds that Block has sufficiently alleged
2  his Unruh Act claim.
3        The Court finds that the second and third *Eitel* factors counsel towards granting
4  default judgment.  Block has alleged sufficient facts for each element of his claim, and his
5  complaint has merit.

### 2. Remaining *Eitel* Factors

7        The first factor weighs in favor of Block because he would be prejudiced if the
8  motion is denied, as Block would likely be without a recourse for recovery.  *See Young v.*
9  *Law Offices of Herbert Davis*, 13-cv-1108 JSW (NC), 2014 WL 3418209, at *5 (N.D. Cal.
10  July 11, 2014).
11        Second, the Court considers the sum of money Block requests.  Generally, courts
12  are hesitant to enter default judgments where large amounts of money are at stake.  *Manuel*
13  *v. Thomas*, 967 F.2d 588 (9th Cir. 1992) (finding that $4,405,000 award was too large to
14  enter default judgment).  Here, Block seeks an injunction requiring defendant to remove
15  the architectural barriers, $4,000 in statutory damages, and $8,954.50 in attorneys' fees
16  and costs.
17        Third, there is a possibility of a material dispute.
18        Fourth, it is unlikely that default was the result of excusable neglect.  Block filed
19  this case on October 30, 3015.  Block has been in touch with the owner and operator of
20  Odeum Restaurant, AS Restaurant Consulting Group, LLC, aka Ashley R. Polston Law
21  Offices and Management Consulting Group, LLC, dba Odeum Restaurant, and come to a
22  settlement agreement regarding claims against those defendants.  Polston asserted that it
23  lacked control over many of the physical barriers present at the facility because the
24  restaurant is a lessor of the property.
25        Finally, although federal policy generally favors decisions on the merits, Federal
26  Rule of Civil Procedure 55(b) permits entry of default judgment in situations where the
27  defendant refuses to litigate.
28        Considering all of the *Eitel* factors, the Court concludes that an entry of default

Case No.15-cv-04988 NC      6

judgment is appropriate in this case.

### C. Damages

While the Court accepts the allegations in the complaint as true at the default judgment stage, the Court has discretion to award damages as appropriate. *Geddes*, 559 F.2d at 560. Block seeks (1) an injunction; (2) statutory damages; and (3) attorneys' fees and costs. Because Block already settled part of this case with two of the defendants, the Court first addresses The Granary LLC's liability.

#### 1. Liability and Effect of Settlement

The ADA applies to both owners and operators of a place of public accommodation. 42 U.S.C. § 12181(a). "The express terms of the ADA hold a landlord liable for noncompliance." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000). Here, Polston leases the subject property, while The Granary LLC owns the property. Thus, both parties are jointly and severally liable for ADA violations on the property.

#### 2. Injunction

The ADA permits private individuals to seek injunctive relief. Molski, 481 F.3d at 730. When the Court has determined that defendant violated the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C.A. § 12188.

Block seeks an injunction that would require defendant to make the following modifications within 6 months: (1) properly configure and identify an accessible route of travel from the designated accessible parking to the elevator; (2) position the mirror in the men's restroom to be accessible to an individual in a wheelchair; and (3) position the trash can in the men's restroom so that it is within reach ranges for an individual in a wheelchair.

The Court finds such an injunction to be appropriate.

#### 3. Statutory Damages

The ADA does not provide for an award of monetary damages in private suits;

Case No.15-cv-04988 NC              7

however, the Unruh Act does allow for monetary damages. *Molski*, 481 F.3d 724, 731 (9th Cir. 2007). Under the Unruh Act, a prevailing plaintiff is entitled to damages of "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52. Here, Block seeks the minimum award of monetary damages for his one visit to Odeum Restaurant.

The Court finds this amount appropriate.

### 4. Attorneys' Fees

"The ADA gives courts the discretion to award attorney's fees to prevailing parties." *Molski*, 481 F.3d at 730. Additionally, a prevailing plaintiff is entitled to attorneys' fees under the Unruh Act. Cal. Civ. Code § 52.

Here, Block seeks attorneys' fees for Tanya E. Moore of $350 per hour, $150 per hour for paralegal Marejka Sacks, $125 per hour for paralegal Whitney Law, and $95 per hour for paralegal David Guthrie. The Court finds these rates to be reasonable, and notes that these individuals have recently been awarded the same rates in this district. *See Hernandez v. Yen*, No. 13-cv-01830 RMW, 2015 WL 5185669, at *3 (N.D. Cal. Sept. 4, 2015). Block has included billing documentation for his attorneys' fees request. In total, Block seeks $7,481 in attorneys' fees, to be offset by $5,490.13 to reflect the settlement with Polston. Finally, Block seeks costs in the amount of $1,473.50.

The Court finds this amount reasonable and recommends that the district court award Block's requested attorneys' fees and costs.

## IV. CONCLUSION

The Court orders that this case be reassigned to a district court judge. 28 U.S.C. § 636(c). After considering the *Eitel* factors, the Court recommends that the district court grant Block's motion and award:

1. An injunction to remove the following barriers within 6 months and to require that each item be brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24 as follows:

   a. A properly configured and identified accessible route of travel from the designated accessible parking to the elevator shall be provided;

   b. The mirror in the men's restroom shall be properly positioned; and

   c. The operable parts of the trash can in the men's restroom shall be positioned within proper reach ranges.

2. Statutory damages under the Unruh Act in the amount of $4,000.

3. Attorneys' fees and costs of $8,954.50 less an offset of $5,490.13. In other words, defendant shall pay a total of $3,464.37 in attorneys' fees and costs.

Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: May 6, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge